IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:06-CV-62-D(2)

| | |
|---|---|
| MARTHA BROCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Martha Brock ("plaintiff" or "claimant") appeals the Commissioner of Social Security's ("Commissioner") final decision denying plaintiff's application for Disability Insurance Benefits and Supplemental Security Income payments (collectively, "benefits"). Magistrate Judge Daniel issued a Memorandum and Recommendation ("M&R") recommending that plaintiff's motion for judgment on the pleadings be denied, the Commissioner's motion for judgment on the pleadings be granted, and the final decision of the Commissioner be affirmed. Plaintiff objected to the M&R, and the Commissioner responded. As explained below, the court overrules the objections to the M&R, adopts the M&R, and affirms the Commissioner's final decision.

I.

"The Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th

---

[1] Michael J. Astrue replaced Jo Anne B. Barnhart as Commissioner of Social Security. Accordingly, Michael J. Astrue is substituted as the official-capacity defendant. See Fed. R. Civ. P. 25(d)(1).

Cir. 2005) (quoting 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2005)) (alteration in original & emphasis removed). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the record, the briefs, the M&R, the objections, and the response. As for those portions of the M&R to which plaintiff does not object, there is no clear error on the face of the record. Thus, the court adopts those portions of the M&R. As for the objections, the court reviews them de novo.

In reviewing the objections to the M&R, the court applies the same legal standard that Judge Daniel discussed in the M&R. See M&R 2–3. Specifically, the court "must uphold the factual findings of the [administrative law judge] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see 42 U.S.C.A. § 405(g) (West Supp. 2007). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Under the substantial evidence standard, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589.

II.

On October 6, 2004, an administrative law judge ("ALJ") held a hearing regarding plaintiff's application for benefits. The ALJ uses a five-step process in evaluating disability claims. See 20 C.F.R. §§ 404.1520, 416.920 (2007). Essentially, this process requires the ALJ to consider whether a claimant (1) is engaged in substantial gainful employment; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) possesses the residual

2

functional capacity ("RFC") to return to her past relevant work; and (5) if not, whether she can perform other work in light of her age, education, work experience, and RFC. See M&R 3; R. at 20. The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On March 18, 2005, the ALJ denied plaintiff's application for benefits. R. at 19–33. At step one in the five-step process, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. See id. at 20. Next, the ALJ determined that plaintiff had the severe impairments of diabetes mellitus, degenerative joint disease of the knee, glaucoma, and depression. Id. at 21–27. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of a listed impairment under 20 C.F.R. § 404, Subpart P, App. 1. Id. At step four, the ALJ evaluated plaintiff's testimony and the medical evidence and determined that plaintiff possessed the RFC to perform a significant range of light work. Id. at 27–30. Based on plaintiff's RFC, the ALJ found that plaintiff could not return to her past relevant work. Id. at 30. At step five, the ALJ relied on the testimony of a vocational expert ("VE") and found that a significant number of jobs existed in the national economy for a person with plaintiff's RFC and personal characteristics. Id. at 31–32. Accordingly, the ALJ concluded that plaintiff was not disabled. Id. at 32.

On March 3, 2006, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. See id. at 8–11. Plaintiff filed this action, and the parties filed cross motions for judgment on the pleadings.

III.

Plaintiff makes four objections to the M&R: (1) the M&R erred in finding the ALJ correctly

3

considered plaintiff's impairments and symptoms; (2) the M&R erred in affirming the ALJ's credibility analysis; (3) the M&R failed to rule on plaintiff's contention that the ALJ excluded certain limitations in claimant's RFC; and (4) the M&R erred in accepting the ALJ's reliance on flawed VE testimony.

A.

First, plaintiff contends the M&R erred in finding that the ALJ correctly considered plaintiff's impairments and symptoms before concluding that she could perform a significant range of light work. See Objs. to M&R 1–2. The ALJ meticulously detailed claimant's medical history and course of treatment, beginning on November 15, 2002, the date of claimant's alleged onset of disability. The ALJ discussed plaintiff's relevant treatment for her claims of diabetes, rheumatoid arthritis, scoliosis, swelling in the knees and feet, severe back and leg pain, a bone spur in the left knee, loss of memory, first stage glaucoma, depression, and anxiety. See R. at 20–24. The ALJ also considered claimant's testimony, the opinions of claimant's treating and examining physicians, and evaluations submitted by Disability Determination Services ("DDS"). Id. at 24–29.

As to plaintiff's specific allegations, the ALJ's finding that plaintiff could lift 20 pounds occasionally and 10 pounds frequently is supported by substantial evidence. The ALJ gave significant weight to the opinion of Dr. Caughey, plaintiff's examining physician, and some weight to the opinion of Dr. Blackmon, a DDS medical consultant. Id. at 26. Dr. Caughey's examination of plaintiff on September 16, 2003, showed that plaintiff had normal grip strength bilaterally and normal strength in both arms. Id. at 187. Plaintiff had a normal range of motion of the cervical spine, thoracolumbar spine, and shoulders, and only a slight limitation on abduction bilaterally. Id. at 186. Dr. Caughey did not restrict plaintiff's ability to lift and carry and opined that plaintiff could

---
4

probably return to the work force. Id. at 183–85. Dr. Blackmon's opinion is consistent with Dr. Caughey's and finds that plaintiff could occasionally lift 50 pounds and frequently lift 25 pounds. Id. at 226. The ALJ conservatively restricted claimant's lifting capability based on claimant's testimony, which the ALJ found partially credible. Id. at 28. The court finds that the ALJ's determination is supported by substantial evidence.

Next, plaintiff argues that the M&R erred in accepting the ALJ's finding that plaintiff needed to elevate her feet at only a 45 degree angle. Plaintiff infers that more aggressive treatment was required. Plaintiff cites no medical records indicating that she had to elevate her feet. Further, no doctor recommended that plaintiff elevate her feet to alleviate symptoms. Nonetheless, the ALJ gave plaintiff the benefit of the doubt based upon her subjective testimony. Id. at 25. Plaintiff's testimony regarding the degree at which she had to elevate her feet indicated a range somewhere between 0 and 45 degrees. Id. at 420–23. The ALJ conservatively included the restriction in recognition of plaintiff's medically documented lower extremity problems and testimony. Accordingly, the ALJ's finding regarding the need for plaintiff to elevate her feet at a 45 degree angle is supported by substantial evidence.

Finally, the court finds no internal consistencies in the ALJ's RFC determination of a significant range of light work in consideration of plaintiff's restrictions. Plaintiff contends the restrictions the ALJ found actually limit her to sedentary work, not light work. Light work requires "a good deal of walking or standing" or "pushing and pulling of arm or leg controls" if sitting. See 20 C.F.R. §§ 404.1567, 416.967. The ALJ found that plaintiff could stand, walk, and/or sit for six hours of an eight-hour day. R. at 28. The ALJ based his conclusion on Dr. Caughey's opinion that plaintiff's ability to sit or stand was not restricted and that plaintiff could sustain a reasonable

5

walking pace over a sufficient distance. Id. at 183–85. Dr. Caughey's opinion is consistent with Dr. Blackmon's opinion, to which the ALJ afforded some weight. Id. at 26, 226. The ALJ also heard testimony from a VE who stated that there were some jobs in the national economy at the light exertional level, with a sit-stand option, that could be performed by someone who used a walker on a full-time basis. Id. at 31, 418–19.

Where, as here, substantial evidence supports the ALJ's findings, the court must uphold the factual findings and may not reweigh the evidence or supplant the ALJ's judgment. See Craig, 76 F.3d at 589. Plaintiff's first objection is overruled.

B.

Plaintiff next claims that the M&R erred in affirming the ALJ's credibility analysis. See Objs. to M&R 4. In his decision, the ALJ summarized plaintiff's testimony given at the hearing. R. at 24–25. The ALJ then detailed several reasons for his finding that claimant was not fully credible. See generally Soc. Sec. Rul. 96-7p, 1996 WL 374186 (July 2, 1996) (identifying factors to be considered in assessing the credibility of the claimant's statements about symptoms). Specifically, the ALJ found that claimant worked after the alleged onset date of disability, described daily activities that were inconsistent with her complaints of severe limitations, and did not require any significant treatment for her condition such as surgical intervention, physical therapy, injections, or hospitalizations. R. at 25. The ALJ also noted that plaintiff had a poor work record that may indicate a disinclination to work and that plaintiff was noncompliant in taking her medications and obtaining medical care. Id.

The ALJ considered plaintiff's testimony and fully explained the reasons for discounting plaintiff's credibility. An ALJ need not discuss every piece of evidence in making a credibility

6

determination. See, e.g., Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 762 n.10 (4th Cir. 1999). Simply because claimant can identify other evidence in the record supporting her alleged impairments does not diminish the ALJ's analysis. When conflicting evidence is presented, it is the province of the ALJ, and not this court, to resolve those inconsistencies. See Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Because substantial evidence supports the ALJ's credibility determination, plaintiff's objection is overruled. See Craig, 76 F.3d at 589.

C.

The court next addresses plaintiff's objection concerning the ALJ's exclusion of certain limitations from plaintiff's RFC determination. See Objs. to M&R 7. Specifically, plaintiff contends that the ALJ failed to consider the findings of Dr. Grover, a DDS medical consultant. Dr. Grover's findings include plaintiff's moderate limitation in her ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; respond appropriately to changes in the work setting; complete a normal workday and workweek without interruptions from psychologically-based symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods. See R. at 207–08. The ALJ acknowledged Dr. Grover's opinion and gave it some weight with respect to claimant's mental capabilities. Id. at 26. The ALJ noted that while a non-examining physician's opinion is afforded less weight than that of a treating or examining physician, the opinion is entitled to some weight, particularly "in a case like this in which there are a number of other reasons to reach similar conclusions." Id. The ALJ gave significant weight to the opinion of Dr. Silver, plaintiff's examining physician. Dr. Silver opined that plaintiff's depression appeared relatively mild, plaintiff could pay attention and focus adequately, stress of work would not be excessive for plaintiff, and plaintiff would be able to get along with peers and supervisors. Id. at 194–97. Dr. Silver did not find that plaintiff's symptoms

7

necessitated the restrictions indicated by Dr. Grover. See id.

"An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' or has not given good reason for the weight afforded a particular opinion." Koonce v. Apfel, 1999 WL 7864, at *2 (Jan. 11, 1999 4th Cir.) (per curiam) (unpublished) (internal citation & quotation omitted); see also 20 C.F.R. §§ 404.1527(d), 416.929(d). In general, "[a]n examining physician's opinion [is] given more weight than the opinion of one who has not examined the claimant." Morgan v. Barnhart, 142 F. App'x 716, 727 (4th Cir. 2005) (unpublished); 20 C.F.R. §§ 404.1527(d)(1); 416.927(d)(1). However, the Fourth Circuit has declined to say "that the opinion of a doctor who has not examined or treated the claimant is never entitled to any weight." Hayes v. Gardner, 376 F.2d 517, 521 n.1 (4th Cir. 1967). The weight given to a non-examining physician's opinion depends on the degree to which the physician provides supporting explanations and the consistency of the opinion with the record as a whole. See Morgan, 142 F. App'x at 727; 20 C.F.R. §§ 404.1527(d)(3)–(4); 416.927(d)(3)–(4).

In this case, the ALJ explained his reasoning for the weight afforded to the opinions concerning plaintiff's mental capabilities. R. at 26. The ALJ granted significant weight to the examining physician's opinion because he found it supported by the medical evidence. Id. Although Dr. Grover's opinion reached the same conclusion that plaintiff was not disabled, the ALJ afforded it only some weight because it was not entirely consistent with the record as a whole. Id. Finding no specious inconsistencies, the ALJ's determination as to the weight assigned to each medical opinion remains undisturbed. See Koonce, 1999 WL 7864, at *2. Because substantial evidence supports the ALJ's decision, this objection is overruled. See Craig, 76 F.3d at 589.

8

Case 7:06-cv-00062-D   Document 22   Filed 12/05/07   Page 8 of 11

D.

Lastly, plaintiff objects to the M&R's acceptance of the ALJ's reliance on allegedly flawed VE testimony. See Objs. to M&R 8. The VE identified two jobs that claimant could perform with her RFC and personal characteristics: bander (Dictionary of Occupational Titles ("DOT") 920.687-026) and grader (DOT 649.687-014). R. at 436. The VE further testified that the job descriptions she used were consistent with those in the DOT except for the sit/stand option, which she either observed herself or of which she had personal knowledge. Id. Plaintiff argues that the VE essentially described sedentary jobs and contradicted the regulatory definition of "light work" and the DOT's descriptions. See 20 C.F.R. §§ 404.1567, 416.967. Plaintiff believes that the Commissioner failed to carry the burden of identifying a significant number of jobs in the national economy for a person with plaintiff's RFC and personal characteristics. See, e.g., Yuckert, 482 U.S. at 146 n.5.

The Social Security regulations specifically contemplate the use of a VE in determining complex issues such as matching a claimant's work skills with available occupations See 20 C.F.R. §§ 404.1566(e), 416.966(e). The regulations do not require the Commissioner or VE to rely on classifications in the DOT at all. See id. §§ 404.1566(d), 416.966(d); see also Sawyer v. Apfel, 1998 WL 830653, at *1 (4th Cir. Dec. 2, 1998) (per curiam) (unpublished); Cline v. Chater, 1996 WL 189021, at *4 (4th Cir. Apr. 19, 1996) (per curiam) (unpublished). Moreover, Social Security Ruling 82-41 states that the DOT provides guidance only as to a "majority" of jobs in the national economy and that a VE should be consulted in cases where the characteristics of a job are not "obvious." Soc. Sec. Rul. 82-41 ¶ 2(c), 1982 WL 31389, at *2 (Nov. 30, 1981); Barker v. Shalala, 40 F.3d 789, 795 (6th Cir. 1994); cf. Cline, 1996 WL 189021, at *4 (ALJ justified in relying on VE's

9

testimony, even where it may have differed from the job descriptions or classifications in the DOT). When a VE testifies about the requirements of a job or occupation, the ALJ has "an affirmative responsibility" to ask about any possible conflict between the expert's testimony and the DOT, and if the VE's testimony "appears to conflict with the DOT," to "obtain a reasonable explanation for the apparent conflict." Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000); see Justin v. Massanari, 20 F. App'x 158, 160 (4th Cir. 2001) (per curiam) (unpublished).

The record demonstrates that the ALJ satisfied his obligation under Social Security Ruling 00-4p. During the hearing, the VE testified that a person with claimant's limitations could perform the jobs of bander or grader inspector, which are both classified as light jobs. R. at 31. The ALJ then inquired as to whether the VE's descriptions were consistent with the DOT, except for the sit/stand option. Id. In response, the VE testified that the job descriptions were consistent and that she had either personal knowledge or had observed people in these occupations with the sit/stand modification in place. Id. This inquiry resolved any possible conflicts with the DOT descriptions. The ALJ accepted the VE's testimony concerning the existence of a significant number of jobs in the national economy which plaintiff could perform given her limitations. Id.

Substantial evidence supports the Commissioner's finding that plaintiff is capable of performing light work. See Craig, 76 F.3d at 589. Plaintiff's final objection is overruled.

IV.

For the reasons stated above, plaintiff's objections to the M&R are OVERRULED, and the court ADOPTS the M&R. Accordingly, plaintiff's motion for judgment on the pleadings is DENIED, the Commissioner's motion for judgment on the pleadings is GRANTED, and the final decision of the Commissioner is AFFIRMED.

SO ORDERED. This 5 day of December 2007.

JAMES C. DEVER III
United States District Judge